UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENVER IVAN WILSON,

Plaintiff,

v. Case No. 3:05-cv-622-J-99TEM

MIRA BERRY, et al.,

Defendants.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). He names Assistant Public Defender Mira Berry and Seminole County as the Defendants in this action.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

In addition, for liability under 42 U.S.C. § 1983, a plaintiff must allege an affirmative causal connection between a defendant's conduct and a constitutional deprivation. Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

> [W]hen individuals are being sued in individual capacities for damages for personal injuries, the causation inquiry must be more refined and focused than that undertaken . . . where only declaratory and injunctive relief [are] sought for constitutional violations pervading an entire prison system.

Williams v. Bennett, 689 F.2d 1370, 1383 (11th Cir. 1982), cert. denied, 464 U.S. 932 (1983).

Furthermore, "[o]ne cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation." Schebel v. Charlotte County, 833 F.Supp. 889, 891 (M.D. Fla. 1993) (citations omitted). Finally, the United States Supreme Court has placed strict limitations on local government liability under § 1983. Here, Seminole County may be held liable only if an "official policy" of Seminole County caused

the constitutional violation. Gold v. Miami, 151 F.3d 1346, 1350 (11th Cir. 1998).

From a review of two letters from Defendant Berry to Plaintiff that are appended to the Complaint, it appears that Defendant Berry is an assistant public defender who was assigned to defend Plaintiff against charges of bank robbery in state court. Plaintiff then elected to represent himself; however, Defendant Berry was appointed "as co-counsel" in his case. Complaint at 18. After the conclusion of the case, Plaintiff sent Defendant Berry a document entitled, "Request for Access to Records Pursuant to the Privacy Act of 1974." Id. at 16. In this document, Plaintiff requested the following items:

> all data messages recorded in the above case numbers, all data responses of those recorded data messages, dates of phone calls received in the system of records in relations to the system of records identifying numbers listed on cover page, all recorded conversation, all documents filed in the record by your or any other agency and all written correspondences [sic] from your agency in relations to the system of records number, to another agency.

Id.

Defendant Berry's response to this request states:

> I have no idea what you are asking for. If you are asking for recordings of conversations between you and this office, to my knowledge, there are none. If you are asking for a log of calls between you and this office, there would be no way to determine which calls from the Seminole County Jail came from you versus all other inmates who are represented by this office.

> As for documents, you were provided with all of the discovery that had been provided to me by the Office of the State Attorney, on November 19, 2004.
>
> As this office no longer represents you on either of these cases, all further requests for documents relating to your case should be made to the Office of the State Attorney.

Id.

Plaintiff claims that Defendant Berry wrongfully denied him access to records held by the Office of the Public Defender and that Defendant Seminole County failed to establish rules to ensure that requests under the Privacy Act were properly processed. Plaintiff seeks an order directing the Office of the Public Defender to release all recorded telephone conversations between Plaintiff and persons employed by the Office of the Public Defender and copies of all documents or messages collected by Defendant Berry in connection with Plaintiff's case. He also seeks attorney's fees and $10,000 "in actual damages." Id. at 10.

Insofar as Plaintiff attempts to bring this case pursuant to the Privacy Act, he has failed to state a claim upon which relief may granted. "[T]he Privacy Act only authorizes actions against an agency[,]" not against an individual person. Perry v. Bureau of Prisons, 371 F.3d 1304, 1305 (11th Cir. 2004) (per curiam) (citing 5 U.S.C. § 522a(g)(1)(C)). Furthermore, "the Privacy Act applies exclusively to federal agencies." Schmitt v. City of Detroit, 395

F.3d 327, 331 (6th Cir. 2005). Thus, Plaintiff has failed to state a cognizable claim against Defendants Berry and Seminole County.

To the extent that Plaintiff may be trying to bring his claims pursuant to 42 U.S.C. § 1983, he fails to state a claim because the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). Furthermore, Plaintiff has failed to allege any facts that would demonstrate the Defendants deprived him of any rights, privileges or immunities secured by the Constitution or laws of the United States. Consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26 day of July, 2005.

UNITED STATES DISTRICT JUDGE

ps 7/26
c:
Denver Ivan Wilson